# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN WEBBER, | ) Case No.: 1:16-cv-00217-BAM |
| Plaintiff, | ) |
| | ) **ORDER ON PLAINTIFF'S** |
| v. | ) **SOCIAL SECURITY COMPLAINT** |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **INTRODUCTION**

Plaintiff Jason Webber ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Magistrate Judge Barbara A. McAuliffe. Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as the defendant in this suit.

**BACKGROUND**

On May 22, 2012, Plaintiff filed his current application for disability insurance benefits, alleging disability beginning April 29, 2011. AR 10. The Commissioner initially denied Plaintiff's claim on October 29, 2012. AR 10. Thereafter, Plaintiff filed a timely request for a hearing on July 17, 2013. AR 102. On May 19, 2014, Plaintiff testified at the hearing. AR 27-28. On July 14, 2014, ALJ John Heyer denied Plaintiff's application. AR 22. On July 14, 2014, the Appeals Council denied review. AR 1. This appeal followed.

**Hearing Testimony**

The ALJ held an administrative hearing on May 19, 2014, in San Francisco, California. AR 27. At the hearing, Plaintiff appeared and testified with the help of an attorney, and the ALJ sought testimony from vocational expert ("VE") Joel Greenberg. AR 27-28.

Plaintiff was born on June 29, 1967, and was 46 years old at the time of the hearing. AR 30. Prior to his alleged disability, Plaintiff worked for eight years as a merchandiser and salesman for Dreyer's Grand Ice Cream. AR 30-31. Plaintiff was also previously employed at Vons Grocery Store for one year, as a night clerk primarily stocking shelves, and before that, as a technician for California Streamers. AR 31-32. Plaintiff also has five years of experience working in the construction industry. AR 32-33. Plaintiff claims he is not able to perform in any of his previous employment capacities due to fibromyalgia and persistent pain in his knee. AR 30.

When asked about a typical day, Plaintiff testified that he gets assistance getting out of bed in the morning, does not drive, vacuum, sweep, clean, cook, do laundry, go for walks, do yardwork, or any chores. AR 30, 36-38. He does not watch much television, and he typically does not read or use the computer for more than fifteen minutes. AR 37-38. He is restless and in pain throughout the night, and he has difficulty showering and cleaning himself. AR 41.

When asked about his limitations, Plaintiff testified that he could lift five pounds, stand for about fifteen to twenty minutes, walk for about fifteen to twenty minutes, and sit for about thirty minutes at a time. AR 35. Plaintiff testified that walking makes his knee swell which later requires his knee to be iced and elevated. AR 45. If he puts too much pressure on his knee over the course of a

day, that may leave Plaintiff incapacitated for the following three days. AR 45. In all, Plaintiff spends about five hours a day sitting in his recliner with his knee elevated. AR 46.

Thereafter, the ALJ elicited the testimony of VE Greenberg. AR 50. Over several hypothetical questions, the VE testified that a hypothetical individual who can lift more than 10 pounds, sit for six hours in an eight hour day, and stand and walk for two hours in an eight hour day but who is limited to simple repetitive tasks with no public contact could perform sedentary unskilled work as an election clerk, inspector/table worker, and a small products assembly worker. AR 54-56.

**Relevant Medical Evidence**

The entire medical record was reviewed by the Court. The Court will reference the medical evidence to the extent it is necessary to the Court's decision. AR 229-401.

### THE ALJ'S DECISION

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 10-22. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since April 29, 2011, the alleged onset date. AR 12. The ALJ identified osteoarthritis of the left knee, obesity, anxiety, depression, somatoform disorder, and personality disorder as severe impairments. AR 12. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 13.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined by 20 C.F.R. § 404.1567(a) including that he can sit for six hours in an eight hour day, stand and walk for two hours in an eight hour day, but is limited to simple repetitive tasks, with no public contact at work, but Plaintiff can work in proximity to others just not as part of a team. AR 14.

The ALJ subsequently found that Plaintiff was unable to perform his past relevant work. AR 20. However, based on Plaintiff age, education, work experience, and RFC, the ALJ determined that significant jobs exist in the national economy that Plaintiff could perform. AR 21. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. AR 22.

///

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## DISABILITY STANDARD

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

///
///
///

# **DISCUSSION**[2]

Plaintiff's sole argument is that the ALJ erred in rejecting the opinion of physician assistant Natasha Obta. (Doc. 13 at 7-12). In response, the Commissioner asserts that, "as an 'other source opinion'" the ALJ adequately articulated germane reasons for discrediting Ms. Obta. (Doc. 18 at 4–6).

## 1. Background

Natasha Obta is a physician assistant at the Frazier Mountain Community Health Center-Clinica Sierra Vista. On January 30, 2014, Ms. Obta filled out a residual functional capacity assessment. AR 374-376. Ms. Obta stated that Plaintiff suffered from generalized pain due to fibromyalgia in his hips, back, neck, ankle, feet, and joints. AR 376. Based on Plaintiff's impairments, Ms. Obta opined that Plaintiff could not lift or carry ten pounds; could stand and walk for zero to two hours per eight-hour day; could sit for zero to two hours per eight-hour day; could never climb, balance, stoop, kneel, crouch, crawl, or reach in any direction; and he is limited to repetitive motions with his hands and feet. AR 374-76.

In his decision, the ALJ gave Ms. Obta's opinion "no weight" because as a physician's assistant, Ms. Obta is not considered an acceptable medical source. AR 18. The ALJ further noted that Ms. Obta's opinion was extreme, and in direct conflict with Plaintiff's admitted ability to stand and walk each for 20 minutes at a time. AR 18.

## 2. Legal Standards

Medical sources of evidence are generally divided between "acceptable medical sources" and "other sources." The ALJ cannot discount the testimony of an "acceptable medical source" without "provid[ing] specific, legitimate reasons based on substantial evidence in the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). However, physician assistants are generally treated as "other sources" rather than "acceptable medical sources." *See* 20 C.F.R. § 416.913(d). Opinions from "other sources" can be afforded "less weight than opinions from acceptable medical sources." *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R.

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

§§ 416.913(a)(1-5), as recognized in *Boyd v. Colvin*, 524 F. App'x 334, 336 (9th Cir. 2013) (citation omitted). "The ALJ may discount testimony from . . . 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.'" *Molina*, 674 F.3d at 1111.

**3. Analysis**

Here, the ALJ rejected Ms. Obta's opinion for three reasons: (1) Ms. Obta was not an "acceptable medical source;" (2) her opinion was extreme, and (3) it directly conflicted with Plaintiff's admitted abilities. AR 18. Based on Ms. Obta's position as a physician's assistant, the ALJ was only required to provide germane reasons for giving "no weight" to her opinion—which the ALJ, in fact, did.

The first reason provided by the ALJ, while accurate, is circular in its reasoning and not a germane reason to discount Ms. Obta's opinion. *See Haagenson v. Colvin*, 656 Fed.Appx. 800, 802 (9th Cir. 2016) (holding that the ALJ failed to provide a germane reason for rejecting "other source" opinion evidence when the "reason that the ALJ offered for rejecting their opinions is that they are not 'acceptable medical sources' within the meaning of the federal regulation ... [because] the regulation already presumes that nurses and counselors are non-acceptable medical sources, yet still requires the ALJ to consider them as 'other sources'"); *see also Taylor v. Commissioner of Social Security*, 659 F.3d 1228, 1234 (9th Cir. 2011) (providing that other source testimony may be introduced to show severity of impairment and its impact on the claimant's ability to work). If an "other source" is dismissible for not being an "acceptable medical source," then the requirement of a germane reason for dismissal is effectively void. The Court must reject this as a reason to discredit Ms. Obta.

Nonetheless, the second reason provided by the ALJ for discounting Ms. Obta's opinion regarding Plaintiff's disability was that her overall opinion was extreme. This reason was sufficiently germane to disregard Ms. Obta's opinion. Even a cursory glance at Ms. Obta's functional capacity questionnaire reveals an obvious attempt to check-off the most extreme and limiting check boxes throughout the entire form. On the second page of the questionnaire, at the top of the physical capacities section, Ms. Obta is directed to indicate how often Plaintiff can lift or carry a maximum of 10 pounds. AR 376. In the list of check-box responses, Ms. Obta inexplicably opines that Plaintiff could "never;" "occasionally;" "frequently," and "constantly" lift and carry ten pounds. AR 18. These

responses are plainly contradictory and implausible. Plaintiff cannot, at any one given time, both constantly and never lift and carry 10 pounds. The ALJ was correct to note that Ms. Obta's effort to portray such an extreme but ultimately unsupportable limitation was entitled to no weight.

Additionally, in the same questionnaire, Ms. Obta opined that Plaintiff cannot perform any lifting, could never perform any postural activities, and could never reach in any direction. AR 376. Specifically, Ms. Obta opines that Plaintiff could never reach from his "waist to chest," "chest to shoulders," or "above shoulders." AR 376. While Ms. Obta concludes that Plaintiff could never use his upper extremities, Plaintiff's impairments are almost exclusively related to knee pain and other limitations below his waist. AR 376. Indeed, Ms. Obta's own opinion is silent about any pain in Plaintiff's shoulders or arms. Such an extreme limitation is therefore not only unjustified, but wholly inconsistent with Plaintiff's alleged impairments. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly discounted limitations for being "so extreme as to be implausible" and "not supported by any findings" where there was "no indication in the record what the basis for these restrictions might be").

As further expressed by ALJ's third reason for rejecting Ms. Obta's opinion, her assessed limitations were also "in direct conflict" with Plaintiff's own admitted capabilities. The ALJ noted that Plaintiff testified that he could "stand and walk each for 20 minutes." AR 18. That ability is inconsistent, at least in part, with Ms. Obta's finding that Plaintiff can stand or walk zero to two hours in a day. AR 275. The ALJ thoroughly reviewed Ms. Obta's opinion, in light of her own statements and the testimony of Plaintiff, and found that the opinion unjustifiably assigned extreme limitations, which were not supported by the record. This was a germane reason to reject Ms. Obta's other source opinion.

Moreover, the Court has reviewed the medical evidence and additionally finds that Ms. Obta's limitations were entirely inconsistent with the record. In October 2012, Plaintiff told psychiatric consultative examiner Dr. Gil Schmidt that he was capable of light and heavy-duty domestic chores without any noted limitations. AR 262. This led Dr. Schmidt to opine that Plaintiff's "activity level appeared adequate despite him reporting extensive pain in his left knee." AR 262. In the same month, and reaffirmed in May 2013, the State agency reviewing physicians found that Plaintiff could

occasionally lift twenty pounds; frequently lift ten pounds; stand and/or walk for a total of four hours; sit for six hours in an eight-hour day. AR 69-70; 84-85. Plaintiff could also frequently stoop; occasionally climb ramps and stairs, crouch, and crawl; and never climb ladders or kneel. AR 69-70; 84-85. This medical evidence further undermines Ms. Obta's opinion.

Ultimately, the ALJ's decision to reject Ms. Obta's opinion was not error. As described above, the ALJ gave various germane reasons for discounting Ms. Obta's opinion, and those reasons are supported by the record. *See Lester v. Cater*, 81 F.3d 821, 830 (9th Cir.1996); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.2008). Accordingly, this issue does not warrant remand or reversal.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security and against Plaintiff, Jason Alan Webber.

IT IS SO ORDERED.

Dated: **July 14, 2017**              /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE